Smith, J.
The admitted facts in the case are these : The case was decided by one of the judges of the court of common pleas of this county, (in room No. 2), at April term, 1891, on July 3d, and the judgment entered accordingly, notice of appeal being duly given. On the same day, (July 3, 1881,) each one of the seven separate sessions of the court was adjourned sine die by the several judges holding the same, and there i's nothing to show on the journal of either of such sessions, or by any evidence, that thereafter, at that term of the court, any one of the judges of said court was present in court or transacted any business as judge, until the commencement of the1 July term of said court, 1891, which by law was to commence at 10 o’clock a. m. on Monday, July 6. As Saturday was the fourth day of July, and the fifth was Suuday, it was evident that the entry made on Friday the third, of a sine die adjournment of each court, was intended as a final adjournment, at least of all of the separate session.
It further appears that by the rules of the court, a joint session of the judges was required to be held on the first day of each term, and at such other times as the presiding judge, or a majority of the judges, should require; and at the joint session on the first day of the term, the judges were to be assigned to the different rooms. There appears to be no rule as to a joint session to adjourn a term, but it was the practice to do this sometimes, and perhaps, as a general rule, the adjournment in joint session and of the term would be made on the morning of the day that the new term would begin, but sonretimes it would be made on Saturday preceding the commencement of the new term, and sometimes there would be *404 no meeting of the joint session, or any adjournment of the term, after the adjournment of the separate sessions, and this was the case, as before stated, at the April term, 1891. It also appears that no joint session was held on July 3, or after-wards at the April term, 1891.
The bond for appeal in this case was executed August 4, 1891. If the court adjourned on July 3, the bond was not given “ within thirty days after the rising of the court.” If it did not adjourn until Monday, the 6th, it was in time.
We are of the opinion, on the authority of the case of Johnson v. Railway Co., 47 Ohio St. 318, that it must be held that the April term of the court adjourned on July 3, and did not continue thereafter, or, until the commencement of the new session, at 10 o’clock a. m., July 6, as is claimed by counsel for the appellant. Such, clearly, would be the case in a county of the state in which the court of common pleas is held by a single judge. Section 464, Rev. Stats, provides, that in Hamilton county the judges of that court “may sit separately, or otherwise, and may prescribe the mode of keeping and authenticating the minutes of proceedings had before them, or any of them, and may, at the beginning of each term, and all times thereafter when necessary, classify and distribute among themselves for trial and determination the business pending in the court, and may also adopt such rules of practice as are necessary for the advancement of justice and prevention of delay and are not inconsistent with the laws of the state,” and such statute does not require a joint session to be held at the close of the term.
As has been stated, the court of common please, on the second of January, 1886, adopted a code of rules, providing for a joint session on the first day of each term, and at other times when called, but making no special provision for such a session at the end of the term, differing in this respect from the rules formerly in force, which, according to the decision oí Judge Johnson in the case of Waters v. Commissioners of Hamilton County, reported in 10th Bulletin, page 4, provided for a joint session at the end of each term.
John M. Wolfe, for plaintiff.

Coppoeh & Gallagher contra.

We- are of the opinion, then, that while the entry of an adjournment sime die of a separate session held by one of the judges of the court of common pleas of this county, while one or more of the other judges were holding their several terms, would not have the effect of adjourning the whole court, or of putting an end to the term, yet if all of the judges holding such separate terms should, on a given day, enter upon the journals thereof an adjournment sine die, and thereafter during the time that such term might have been held, (viz., up to the time when by virtue of the law the new term must begin), there was no meeting of said judges in joint session, and nothing to show that any of said judges undertook in any way to transact business at the court-house as a court, that it must be held that the term ceased on the day on which the separate sessions of the court were adjourned sine die, as shown by the journal, in this case on July 3 1891. The bond in this case not having been filed within thirty days after this rising of the court, the appeal will be dismissed.